UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS SANCHEZ ALFONSO,<br><br>                    Petitioner,<br><br>     v.<br><br>PAMELA BONDI et al.,<br><br>                    Respondents. | CASE NO. 2:25-cv-02748-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Petitioner's motion for a temporary restraining order ("TRO"). Dkt. No. 11. Having reviewed the motion, Respondents' response (Dkt. No. 13), and the relevant record, the Court DENIES the motion.

On December 29, 2025, Petitioner, a Cuban national, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Dkt. No. 1.[1] That same day, Petitioner filed a motion for a TRO, seeking to prevent Respondents from removing Petitioner to a third country—i.e., a nation

---

[1] Petitioner did not submit a filing fee with his petition. The Court docketed the petition with the expectation that Petitioner would cure this deficiency no later than January 30, 2026. *See* Dkt. No. 5 (order on filing fee) at 2.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 1

1  other than Cuba—during the pendency of his habeas petition. Dkt. No. 2. On December 31,
2  2025, the Court denied Petitioner's motion, because Petitioner had not complied with the
3  certification requirement given in Federal Rule of Civil Procedure 65(b)(1)(B). *See generally*
4  Dkt. No. 6.

5  On December 31, 2025, in accordance with this District's General Order No. 10-25, the
6  Court issued a standard scheduling order for a Section 2241 petition. Dkt. No. 9. The scheduling
7  order sets forth a procedure for the Parties to seek to expedite or enlarge the standard briefing
8  schedule. *Id.* at 2. The order also requires that at least 48 hours' notice (or 72 hours' notice if the
9  period extends into a weekend, holiday, or date the Court is closed) be given to the Petitioner
10 before their removal from the Western District of Washington during the pendency of their
11 habeas proceedings. *Id.* Pursuant to the scheduling order in this case, Respondents have been
12 directed to file a return to Petitioner's petition no later than January 14, 2026, and Petitioner's
13 traverse is due no later than January 20, 2026. *Id.*

14 Petitioner's motion for TRO must be denied for two reasons. First, Petitioner has not
15 established any threat of imminent, irreparable harm. Under General Order No. 10-25, "Motions
16 for temporary restraining orders should be reserved for matters where the petitioner alleges
17 imminent, irreparable harm, such as imminent removal from the United States." General Order
18 No. 10-25 ¶ 5. Petitioner's contention that his "unconstitutional civil detention that's tantamount
19 to a criminal punishment" (Dkt. No. 11 at 7) represents imminent irreparable harm is insufficient
20 to warrant a temporary restraining order. Notwithstanding the merit of that assertion, which the
21 Court will adjudicate in Petitioner's habeas petition, in an immigration context, "a noncitizen
22 must show that there is a reason specific to his or her case, as opposed to a reason that would
23 apply equally well to all aliens and all cases." *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir.
24 2011). Although Petitioner also refers to potential eviction from his home and repossession of his

vehicle (*see* Dkt. No. 11 at 7), these bare assertions are not sufficient to establish a likelihood of irreparable harm, let alone *imminent* irreparable harm. *See Poder in Action v. City of Phoenix*, 481 F. Supp. 3d 962, 980 (D. Ariz. 2020) (collecting cases).

Second, Petitioner's motion is duplicative of his habeas petition, both of which seek his release from detention. *Compare* Dkt. No. 11, *with* Dkt. No. 7. "The standard scheduling order is intended to provide a prompt resolution to habeas petitions that *should reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition*." General Order No. 10-25 ¶ 5 (emphasis added). Petitioner cannot use an emergent motion for TRO to short-circuit the procedure that the Court has put into place for the specific purpose of expediently resolving habeas petitions.

Therefore, Petitioner's motion for a TRO (Dkt. No. 11) is DENIED.

Dated this 9th day of January, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 3